**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| ROOFERS' PENSION FUND, on behalf of itself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DXC TECHNOLOGY COMPANY, MICHAEL J. SALVINO, JOHN SWEENEY, KENNETH P. SHARP, and ROBERT F. DEL BENE,<br><br>Defendants. | Case No. 1:24-cv-01351-LMB-WEF<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

FACTUAL BACKGROUND .............................................................................................................. 3

ARGUMENT ........................................................................................................................................ 4

I. CHICAGO POLICE SHOULD BE APPOINTED LEAD PLAINTIFF ............................ 4

  A. Chicago Police's Motion Is Timely ........................................................................ 5

  B. Chicago Police Has The Largest Financial Interest ............................................... 5

  C. Chicago Police Satisfies The Relevant Requirements Of Rule 23 ......................... 5

II. THE COURT SHOULD APPROVE CHICAGO POLICE'S SELECTION OF
  COUNSEL ............................................................................................................................. 8

CONCLUSION ..................................................................................................................................... 9

## TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGE(S)**

*In re MicroStrategy Inc. Sec. Litig.*,
    110 F. Supp. 2d 427 (E.D. Va. 2000) ...............................................................................5, 6, 8

*In re Mills Corp. Sec. Litig.*,
    2006 WL 2035391 (E.D. Va. May 30, 2006) ........................................................................6, 8

*Switzenbaum v. Orbital Scis. Corp.*,
    187 F.R.D. 246 (E.D. Va. 1999) ...............................................................................................6

**STATUTES**

15 U.S.C. § 78u-4 *et seq.* ....................................................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4)..............................................................................................................6

H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 (1995) ..................7

The Policemen's Annuity and Benefit Fund of Chicago ("Chicago Police") respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (i) appointing Chicago Police as Lead Plaintiff; (ii) approving its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; and (iii) granting any further relief that the Court may deem just and proper.

## PRELIMINARY STATEMENT

On August 2, 2024, Roofers' Pension Fund, through its counsel Bernstein Litowitz, filed the above-captioned securities class action alleging that between May 26, 2021 and May 16, 2024, inclusive (the "Class Period"), DXC Technology Company ("DXC" or the "Company") and certain of the Company's senior executives (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder. Specifically, the action alleges that, throughout the Class Period, Defendants misled investors regarding DXC's ability to integrate several previously acquired companies as well as its enterprise-wide "transformation" that would purportedly stabilize the Company and provide a foundation for growth. DXC investors, including Chicago Police, incurred significant losses when it was revealed that DXC's integration efforts had failed and that a substantial amount of money would be needed to restructure the Company.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and whether that

movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Chicago Police is the "most adequate plaintiff" by virtue of, among other things, the loss of approximately $1.28 million as calculated on both a first-in, first-out ("FIFO") basis and on a last-in, first-out ("LIFO") basis that it incurred on its Class Period purchases of 74,438 shares of DXC common stock.[1]

In addition to asserting the largest financial interest, Chicago Police readily satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the Class and it will fairly and adequately represent the interests of the Class.  Chicago Police is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a real financial interest in the litigation and experience supervising the work of outside counsel—including proposed Lead Counsel, Bernstein Litowitz.  Chicago Police fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action.  As such, Chicago Police has both the incentive and ability to supervise and monitor counsel.

Chicago Police's familiarity with the PSLRA is informed by its years of experience serving as a lead plaintiff in numerous securities class actions.  Moreover, Chicago Police has demonstrated its adequacy through its selection of Bernstein Litowitz, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel for the Class.  Bernstein Litowitz is a nationally recognized securities class action litigation firm that has

---

[1] Chicago Police's PSLRA-required Certification is attached as Exhibit A to the Declaration of Emily M. Scott in Support of the Motion of the Policemen's Annuity and Benefit Fund of Chicago for Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel ("Scott Decl."). In addition, a chart providing calculations of Chicago Police's loss is provided as Exhibit B to the Scott Decl.

recovered over $40 billion for the benefit of defrauded investors, and is eminently qualified to prosecute this case.

Based on Chicago Police's financial interest in the relief sought by the Class in this litigation, and its ability to oversee counsel, Chicago Police respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

## FACTUAL BACKGROUND

DXC is an information technology ("IT") services and consulting company.[2]  Since its founding in 2017, DXC has acquired several companies to help expand its capabilities and market reach.  Prior to the start of the Class Period, DXC announced that it had begun a new "transformation journey" that would position the Company for the future.

The Class Period begins on May 26, 2021, when DXC told investors it had "changed the direction of [its] revenues and margin from declining to improving."  Throughout the Class Period, DXC misrepresented its ongoing "transformation journey" and the Company's ability to integrate previously acquired companies and business systems.  While touting its ongoing success in implementing that integration, DXC repeatedly stressed its commitment to reducing the Company's restructuring and transaction, separation, and integration costs in order to increase its free cashflow and "unleash [its] true earnings power."

The truth began to emerge on August 3, 2022, when DXC reported disappointing first quarter results, despite having reiterated its guidance just six weeks prior.  DXC blamed its poor performance on the fact that its "cost optimization efforts have moved at a slower pace than anticipated."  As a result of this disclosure, the price of DXC common stock declined by $5.37 per share, or approximately 17%.

---

[2] The facts are taken from the complaint filed by Roofers' Pension Fund.  *See* ECF No. 1.

Then, on December 20, 2023, DXC announced the sudden departure of its Chief Executive Officer ("CEO") and Chairman of the Board, Defendant Michael Salvino, effective December 18, 2023.  As a result of this disclosure, the price of DXC common stock declined by $3.04 per share, or approximately 12%.

The truth was fully revealed on May 16, 2024, when DXC's new CEO admitted that "the previous restructurings did not set a real, clean, solid, fully integrated baseline for profitable growth" because the systems that were acquired over time were "never integrated, never deduped," and that the Company was "not [a] fully functional organization."  DXC also announced it would need to spend an additional $250 million to achieve the restructuring and integration process it falsely claimed to have been successfully implementing during the Class Period.  As a result of this disclosure, the price of DXC common stock declined by $3.36 per share, or nearly 17%.

## ARGUMENT

### I.   CHICAGO POLICE SHOULD BE APPOINTED LEAD PLAINTIFF

Chicago Police respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As set forth below, Chicago Police believes it is the "most adequate plaintiff" because it has the largest financial interest of any qualified movant, satisfies the typicality and adequacy requirements of Rule 23, and is a sophisticated institutional investor with the experience, skills, and resources to oversee and vigorously prosecute this action.  Accordingly, Chicago Police should be appointed as Lead Plaintiff.

4

## A.    Chicago Police's Motion Is Timely

Under the PSLRA, any Class member may file a motion seeking appointment as Lead Plaintiff within 60 days of the publication of notice that the first action has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  On August 2, 2024, Plaintiff Roofers' Pension Fund, through its counsel Bernstein Litowitz, filed the above-captioned securities class action in this District, alleging violations of Sections 10(b) and 20(a) of the Exchange Act against Defendants.  That same day, Bernstein Litowitz published a notice on *Business Wire* alerting investors to the pendency of the action and informing them of the October 1, 2024, deadline to seek appointment as Lead Plaintiff.  *See* Scott Decl., Ex. C.  Accordingly, Chicago Police's motion is timely.

## B.    Chicago Police Has The Largest Financial Interest

Chicago Police is entitled to appointment as Lead Plaintiff because it has the "largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Chicago Police incurred a substantial loss of approximately $1.28 million as calculated on both a FIFO and LIFO basis in connection with its Class Period purchases of 74,438 shares of DXC common stock.  *See* Scott Decl., Exs. A & B.  Chicago Police is unaware of any other Class member seeking Lead Plaintiff appointment that has a larger financial interest in the outcome of the litigation.  Accordingly, as a qualified movant with the largest financial interest, Chicago Police is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## C.    Chicago Police Satisfies The Relevant Requirements Of Rule 23

In addition to possessing the largest financial interest, Chicago Police satisfies the relevant requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  For the purposes of assessing whether the applicable provisions of Rule 23 are satisfied at the lead plaintiff appointment stage, all that is required is preliminary showing that the proposed lead plaintiff's claims are typical and adequate.  *See In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435-36 (E.D. Va. 2000)

(noting that only the typicality and adequacy requirements are relevant at the lead plaintiff stage); *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 250 (E.D. Va. 1999) (explaining that the Rule 23 "inquiry is not as searching as the one triggered by a motion for class certification"). Here, Chicago Police unquestionably satisfies both requirements.

Chicago Police's claims are typical of the claims of other Class members. Typicality can be established by showing that "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Mills Corp. Sec. Litig.*, 2006 WL 2035391, at \*4 (E.D. Va. May 30, 2006) (citation omitted). Here, Chicago Police's and all other Class members' claims arise from the same course of events, and their legal arguments to prove Defendants' liability are virtually identical. Like all other Class members, Chicago Police purchased DXC common stock during the Class Period at prices artificially inflated as a result of Defendants' materially false and misleading statements and suffered damages thereby. *See id*. Thus, Chicago Police satisfies the typicality requirement.

Chicago Police similarly satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy can be demonstrated by showing that the movant "(i) does not have interests that are adverse to the interests of the class, (ii) has retained competent counsel, and (iii) is otherwise competent to serve as class representative." *In re MicroStrategy*, 110 F. Supp. 2d at 435-36. Chicago Police satisfies these elements because its substantial financial stake in the litigation provides it with the incentive to vigorously represent the Class's interests. Chicago Police's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Chicago Police and other Class members. Further, Chicago Police

is well aware of the duties of the Lead Plaintiff to oversee the litigation separate and apart from counsel, and Chicago Police has submitted a sworn Certification attesting to its willingness and ability to fulfill those duties here. *See* Scott Decl., Ex. A.

Further, Chicago Police has extensive experience serving as a lead plaintiff in securities class actions and supervising the work of outside counsel. Based on its experience serving as a lead plaintiff, Chicago Police fully understands the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel. Chicago Police has repeatedly demonstrated its ability and expertise in serving as an extraordinarily qualified and effective advocate on behalf of investors in securities class actions, having successfully prosecuted numerous securities class actions in courts throughout the country. *See, e.g.*, *In re DaimlerChrysler AG Sec. Litig.*, No. 00-cv-993 (D. Del.) ($300 million recovery, with Bernstein Litowitz as co-lead counsel); *Eastwood Enters., LLC v. WellCare Health Plans, Inc.*, No. 07-cv-1940 (M.D. Fla.) ($200 million recovery, with Bernstein Litowitz as co-lead counsel); *In re Apollo Grp. Inc. Sec. Litig.*, No. 04-cv-2147 (D. Ariz.) ($145 million recovery); *Rubin v. MF Glob., Ltd.*, No. 08-cv-2233 (S.D.N.Y.) ($90 million recovery); *In re Washington Mut. Mortg. Backed Sec. Litig.*, No. 09-cv-37 (W.D. Wash.) ($26 million recovery); and *Boland v. Gerdau S.A.*, No. 16-cv-3925 (S.D.N.Y.) ($14 million recovery). Chicago Police is also currently serving as lead plaintiff in *Peters v. Twist Bioscience Corp.*, No. 22-cv-8168 (N.D. Cal.).

In addition, Chicago Police is exactly the type of investor Congress sought to empower, through the enactment of the PSLRA, to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). As such,

7

Chicago Police has the experience and resources to vigorously litigate the action and supervise Lead Counsel.

Finally, Chicago Police has demonstrated its adequacy through its selection of Bernstein Litowitz—a highly qualified and experienced securities class action law firm—to serve as Lead Counsel for the Class. *See In re Mills*, 2006 WL 2035391, at *3 (describing factors courts may consider in determining counsel's adequacy). Accordingly, Chicago Police satisfies Rule 23's typicality and adequacy requirements.

## II. THE COURT SHOULD APPROVE CHICAGO POLICE'S SELECTION OF COUNSEL

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice of counsel unless it is necessary to do so in order to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re MicroStrategy*, 110 F. Supp. 2d at 438 ("[A] district court should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources, saving the question of fees until the conclusion of the litigation.").

The Court should approve Chicago Police's selection of Bernstein Litowitz to serve as Lead Counsel for the Class. As detailed in its firm résumé, Bernstein Litowitz is among the preeminent securities class action law firms in the country and has extensive experience serving as lead counsel in securities class actions. *See* Scott Decl., Ex. D (Bernstein Litowitz Firm Résumé). For example, Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which recoveries totaling over $6.19 billion—the second largest recovery in securities class action history—were obtained for the class. Bernstein Litowitz also secured a resolution of $2.43 billion on behalf of the class in *In re Bank of*

8

*America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.). More recently, Bernstein Litowitz obtained a $1 billion recovery on behalf of the class in *In re Wells Fargo & Co. Securities Litigation*, No. 20-cv-4494 (S.D.N.Y.).

Other significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Genworth Financial, Inc. Sec. Litig.*, No. 14-cv-682 (E.D. Va.) (recovering $219 million for investors); *In re Mills Corp. Sec. Litig.*, No. 06-cv-77 (E.D. Va.) (recovering $202.75 million for investors); *In re Willis Towers Watson plc Proxy Litig.*, No. 17-cv-1338 (E.D. Va.) (recovering $75 million for investors); *In re Lumber Liquidators Holdings, Inc. Sec. Litig.*, No. 13-cv-157 (E.D. Va.) (recovering $45 million for investors); and *Employees' Retirement Fund of the City of Fort Worth v. James River Group Holdings, Ltd.*, No. 21-cv-444 (E.D. Va.) (recovering $30 million for investors).

Thus, the Court may be assured that that by granting Chicago Police's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Chicago Police's selection of Bernstein Litowitz as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Chicago Police respectfully requests that the Court enter an order: (i) appointing Chicago Police as Lead Plaintiff; (ii) approving its selection of Bernstein Litowitz to serve as Lead Counsel for the Class; and (iii) granting any further relief as the Court may deem just and proper.

9

DATED: October 1, 2024                          Respectfully submitted,

                                                */s/ Emily M. Scott*
                                                Emily M. Scott (VSB No. 71435)
                                                **HIRSCHLER FLEISCHER, P.C.**
                                                2100 E. Cary Street
                                                Richmond, VA 23223
                                                Tel:     (804) 771-9539
                                                Fax:     (804) 644-0957
                                                Email:   escott@hirschlerlaw.com

                                                *Liaison Counsel for Proposed Lead Plaintiff Policemen's Annuity and Benefit Fund of Chicago*

                                                Avi Josefson (*pro hac vice* forthcoming)
                                                Scott R. Foglietta (*pro hac vice* forthcoming)
                                                **BERNSTEIN LITOWITZ BERGER
                                                  & GROSSMANN LLP**
                                                1251 Avenue of the Americas
                                                New York, NY 10020
                                                Tel:     (212) 554-1400
                                                Fax:     (212) 554-1444
                                                Email:   avi@blbglaw.com
                                                         scott.foglietta@blbglaw.com

                                                *Counsel for Proposed Lead Plaintiff Policemen's Annuity and Benefit Fund of Chicago, and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I certify that on October 1, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Emily M. Scott*
Emily M. Scott (VSB No. 71435)