**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| ROOFERS' PENSION FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DXC TECHNOLOGY COMPANY, MICHAEL J. SALVINO, JOHN SWEENEY, KENNETH P. SHARP, and ROBERT F. DEL BENE,<br><br>Defendants. | Civil Action No.: 1:24-cv-01351-LMB-WEF<br><br>**CLASS ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**
**SPARINVEST S.A. FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ......................................................................................................1

FACTUAL BACKGROUND........................................................................................................3

ARGUMENT..................................................................................................................................5

I.      SPARINVEST SATISFIES THE PSLRA'S REQUIREMENTS AND
        SHOULD BE APPOINTED AS LEAD PLAINTIFF ..........................................................5

        A.      Sparinvest has Timely Moved for Appointment as Lead Plaintiff ..........................6

        B.      Sparinvest Asserts the Largest Financial Interest in the Relief Sought by
                the Class ....................................................................................................................7

        C.      Sparinvest Satisfies the Requirements of Rule 23 ...................................................7

                1.      Sparinvest's Claims Are Typical of Those of the Class .............................8

                2.      Sparinvest Will Fairly and Adequately Protect the Interests of the
                        Class ...........................................................................................................8

II.     THE COURT SHOULD APPROVE SPARINVEST'S SELECTION OF
        COUNSEL .......................................................................................................................10

CONCLUSION..............................................................................................................................13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3rd Cir. 2001) ......................................................................................2, 10

*Grad v. Ironnet, Inc.*,
   No. 1:22-cv-00449,
   2022 WL 2789899 (E.D. Va. July 15, 2022) ................................................... *passim*

*Kiken v. Lumber Liquidators Holdings, Inc.*,
   No. 4:13cv157,
   2014 WL 12588686 (E.D. Va. May 14, 2014) ..........................................7, 8, 9, 10

*Lienhart v. Dryvit Sys., Inc.*,
   255 F.3d 138 (4th Cir. 2001) .........................................................................................8

*In re MicroStrategy Inc. Sec. Litig.*,
   110 F. Supp. 2d 427 (E.D. Va. 2000) ..........................................................................2

*In re NII Holdings, Inc. Sec. Litig.*,
   No. 1:14-cv-00227-LMB-JFA (E.D. Va.), ECF No. 101 ...................................11, 12

*In re NII Holdings, Inc. Sec. Litig.*,
   No. 1:14-cv-00227-LMB-JFA,
   2016 WL 11660702 (E.D. Va. Sept. 16, 2016)........................................................11

*In re the Mills Corp. Sec. Litig.*,
   No. Civ.A. 1:06-77(GEL),
   2006 WL 2035391 (E.D. Va. May 30, 2006) ..............................................................7

*In re Versata, Inc. Sec. Litig.*,
   Nos. C 01-1439 SI, *et al.*,
   2001 WL 34012374 (N.D. Cal. Aug. 20, 2001) .......................................................10

**Statutes**

15 U.S.C. § 78u-4(a) ...................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4)....................................................................................................8

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ...........................9, 10

Putative class member and proposed Lead Plaintiff Sparinvest S.A. ("Sparinvest") respectfully submits this Memorandum of Law in support of its motion for: (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) approval of Sparinvest's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class and the Law Offices of Susan R. Podolsky ("Podolsky") as Liaison Counsel for the class; and (3) such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above-captioned action (the "Action") is a federal securities class action brought against DXC Technology Company ("DXC" or the "Company") and certain of the Company's current and former executive officers (collectively, "Defendants"), for violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and United States Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.  The Action is brought on behalf of a class of all persons or entities that purchased or otherwise acquired shares of DXC common stock between May 26, 2021, and May 16, 2024, inclusive (the "Class Period").

The PSLRA allows any member of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)-(B).  Pursuant to the PSLRA, a court must appoint the "most adequate plaintiff" as lead plaintiff, which is the movant that: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest among the movants seeking appointment as lead plaintiff; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Grad v. Ironnet,*

*Inc.,* No. 1:22-cv-00449 (RDA/JFA), 2022 WL 2789899, at \*2-3 (E.D. Va. July 15, 2022) (describing the PSLRA's process for selecting a lead plaintiff); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 433 (E.D. Va. 2000) (same).

Sparinvest respectfully submits that it is presumptively the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff.  Sparinvest's motion is timely and its losses of approximately \$16,200,400.99 under a last-in, first-out ("LIFO") analysis in connection with its purchases of DXC common stock during the Class Period represent the largest known financial interest in the relief sought by the class.  *See* Declaration of Susan R. Podolsky in Support of the Motion of Sparinvest S.A. for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Podolsky Decl."), Exs. A & B.   Additionally, Sparinvest easily satisfies the relevant requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  Sparinvest's claims are typical of all members of the class since it purchased DXC common stock during the Class Period at inflated prices caused by Defendants' material misrepresentations and omissions and, like other class members, suffered losses when the truth about DXC was disclosed.  Sparinvest also will fairly and adequately represent the class in the Action.  *See infra* Argument, Section I.

Moreover, as a sophisticated institutional investor overseeing approximately \$70 billion in assets, Sparinvest is precisely the type of sophisticated investor that Congress intended for the PSLRA to empower to lead securities class action lawsuits.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3rd Cir. 2001) (finding that the "purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff") (citations omitted).  Sparinvest also fully understands the Lead Plaintiff's obligations and fiduciary duties to the class under the PSLRA and is willing and able to undertake those responsibilities to vigorously prosecute the Action.

Finally, Sparinvest has further demonstrated its adequacy to serve as Lead Plaintiff by retaining experienced and competent counsel to represent the class.  As the "most adequate plaintiff" under the PSLRA, Sparinvest's selection of Kessler Topaz as Lead Counsel for the class and Podolsky as Liaison Counsel for the class should be approved.  15 U.S.C. § 78u-4(a)(3)(B)(v). Kessler Topaz is a nationally recognized securities class action litigation firm that has an extensive history of prosecuting complex actions under the PSLRA and has recovered billions of dollars in damages for injured shareholders while serving as lead or co-lead counsel, including in *In re NII Holdings, Inc. Securities Litigation*, No. 1:14-cv-00227-LMB-JFA (E.D. Va.), which was litigated before this Court with Podolsky as local counsel, and resulted in a $41.5 million recovery for the class.  *See infra* Argument, Section II.  Thus, the class can be assured of zealous representation if Sparinvest's selection of Kessler Topaz as Lead Counsel for the class and Podolsky as Liaison Counsel for the class is approved.  Accordingly, Sparinvest respectfully requests that its selection of counsel be approved.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").

## FACTUAL BACKGROUND

The Action asserts claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act on behalf of a class of all persons or entities that purchased or otherwise acquired shares of DXC common stock between May 26, 2021, and May 16, 2024, inclusive.  The Action is in the preliminary stages of litigation and, pursuant to the PSLRA, requires appointment of a Lead Plaintiff and Lead Counsel.

DXC is a Nevada corporation with its principal executive offices in Ashburn, Virginia.  It is an information technology ("IT") services and consulting company that offers a portfolio of services to help clients modernize their IT systems, including consulting, applications, services,

and infrastructure services. Since 2017, DXC has acquired several other companies to help expand its capabilities and market reach, and, prior to the start of the Class Period, the Company announced that it had begun a "transformation journey" to integrate its recently acquired businesses and companies to position DXC for future growth. DXC's common stock trades on the New York Stock Exchange under the ticker symbol "DXC."

The Action alleges that, during the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business and operations. Specifically, Defendants overstated the Company's "transformation journey" and misrepresented that DXC's reduced restructuring and transaction, separation, and integration ("TSI") costs were incurred in an effort to integrate its acquired businesses and companies. Throughout the Class Period, the Defendants repeatedly touted the Company's ability to integrate its previously acquired companies and business systems, its ongoing success in implementing that integration, and its commitment to reducing restructuring and TSI costs in order to increase DXC's free cash flow and "unleash [its] true earnings power." The Action alleges that, in reality, DXC only was able to reduce its restructuring and TSI costs by deferring such costs.

The truth began to emerge on August 3, 2022, when Defendant Kenneth P. Sharp, the Company's then-Executive Vice President and Chief Financial Officer, revealed that DXC's "cost optimization efforts have moved at a slower pace than anticipated as we were thoughtfully building our plan." On this news, the price of DXC common stock declined $5.37 per share, or approximately 17%, from a close of $31.52 per share on August 3, 2022, to close at $26.15 per share on August 4, 2022.

Then, on December 20, 2023, DXC announced that Defendant Michael J. Salvino, the Company's President and Chief Executive Officer, had left the Company, effective December 18,

4

2023.  On this news, the price of DXC common stock declined $3.04 per share, or approximately 12%, from a close of $25.03 per share on December 19, 2023, to close at $21.99 per share on December 20, 2023.

The truth about DXC's failure to integrate its businesses and companies was revealed on May 16, 2024, when Raul Fernandez, the Company's newly appointed President and Chief Executive Officer, admitted that, after "really spen[ding] a lot of time operationally looking at our systems, [and] our processes" it was clear that "the previous restructurings did not set a real, clean, solid, fully integrated baseline for profitable growth" because, despite a years-long integration effort, systems were "never integrated, never deduped," but were rather a "number of business processes that got stacked on top of each other; [a] number of legal entities."  Moreover, Fernandez stated that the Company would undergo a "real reset" from the "bottom up" that was "absolutely needed because otherwise, we [would] just continue to carry a really not fully functional organization."  The additional restructuring and integration costs were expected to be $250 million. On this news, the price of DXC common stock declined $3.36 per share, or approximately 17%, from a close of $19.88 per share on May 16, 2024, to close at $16.52 per share on May 17, 2024.

## ARGUMENT

### I.  SPARINVEST SATISFIES THE PSLRA'S REQUIREMENTS AND SHOULD BE APPOINTED AS LEAD PLAINTIFF

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws.  *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).  First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice.  *See id*. § 78u-4(a)(3)(A)(i).  Within

sixty days of the publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have filed a complaint in the action. *See id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the class member that the court determines to be the "most adequate plaintiff." *See id*. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the "most adequate plaintiff" in any private action arising under the PSLRA is the movant that "has either filed the complaint or made a motion in response to a notice," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23." *Id*. § 78u-4(a)(3)(B)(iii)(I). The "most adequate plaintiff" presumption may be rebutted only upon "proof" that the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. § 78u-4(a)(3)(B)(iii)(II).

Sparinvest is the "most adequate plaintiff" because it: (1) timely moved for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class;" and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this motion. *Id*. § 78u-4(a)(3)(B)(iii)(I).

### A.    Sparinvest has Timely Moved for Appointment as Lead Plaintiff

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. *See id*. § 78u-4(a)(3)(A)(i)(II). Here, in connection with the filing of the Action on August 2, 2024, notice was published in *Business Wire* alerting investors to the pendency of the Action and informing them of the October 1, 2024 deadline to seek appointment as Lead Plaintiff. *See* Podolsky Decl., Ex. C.

Accordingly, Sparinvest has timely moved this Court for appointment as Lead Plaintiff on behalf of all members of the class.

> **B.**     **Sparinvest Asserts the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA adopts a rebuttable presumption that the "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, Sparinvest suffered losses of approximately $16,200,400.99 under a LIFO analysis in connection with relevant purchases of DXC common stock during the Class Period. *See* Podolsky Decl., Exs. A & B. To the best of its knowledge, Sparinvest has the largest financial interest in this matter and is the presumptive "most adequate plaintiff." *See Ironnet*, 2022 WL 2789899, at *3-7 (appointing as lead plaintiff the movant with the "largest financial interest" of the movants); *In re the Mills Corp. Sec. Litig.*, No. Civ.A. 1:06-77(GEL), 2006 WL 2035391, at *3 (E.D. Va. May 30, 2006) (same).

> **C.**     **Sparinvest Satisfies the Requirements of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff stage, a movant "must make at least a preliminary showing that it has claims which are typical of those of the putative class and that it has the capacity to provide adequate representation for others." *Ironnet*, 2022 WL 2789899, at *3 (citations omitted); *Kiken v. Lumber Liquidators Holdings, Inc.*, No. 4:13cv157, 2014 WL 12588686, at *2 (E.D. Va. May 14, 2014) (same) (citations omitted).

7

### 1.    Sparinvest's Claims Are Typical of Those of the Class

A movant's claims are considered typical of the class when the movant is "part of the class and possess[es] the same interest and suffer[s] the same injury as the class members." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001) (citation omitted); *see also Ironnet*, 2022 WL 2789899, at *3 (a movant's "claim is typical when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability") (quoting *MicroStrategy*, 110 F. Supp. 2d at 435). Here, Sparinvest satisfies the typicality requirement because, just like all other proposed class members, it seeks to recover for losses on its investments in DXC common stock incurred as a result of Defendants' misrepresentations and omissions that resulted in the subsequent declines in the price of DXC common stock. Thus, Sparinvest's claims arise from the same course of events as those of the other class members, and each class member will make similar legal arguments as Sparinvest to prove Defendants' liability. *See Lumber Liquidators*, 2014 WL 12588686, at *3 (finding the typicality requirement satisfied where the claims "arose from the same course of events that gave rise to the claims of the other proposed class members, and the legal arguments are the same").

### 2.    Sparinvest Will Fairly and Adequately Protect the Interests of the Class

The adequacy element of Rule 23 is satisfied where the lead plaintiff can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A movant may be deemed "an adequate representative of the class" by showing that the movant (1) "does not have interests that are adverse to the interests of the class," (2) "has retained competent counsel," and (3) "is otherwise competent to serve as class representative." *Ironnet*, 2022 WL 2789899, at *3 (citing *MicroStrategy*, 110 F. Supp. 2d at 435-36).

8

Sparinvest satisfies the adequacy requirement because its interest in vigorously pursuing the claims against Defendants—given Sparinvest's substantial losses—is aligned with the interests of the members of the class who were similarly harmed as a result of Defendants' false and/or misleading statements.  There is no potential conflict between Sparinvest's interests and those of the other members of the class, and Sparinvest is fully committed to vigorously pursuing the claims on behalf of the class.  *See Lumber Liquidators*, 2014 WL 12588686, at \*4 (finding that lead plaintiff movants had satisfied the adequacy requirement because there were "no apparent conflicts of interest between [movants] and the proposed class," movants had "retained competent counsel," and movants were "otherwise competent to serve as class representatives").

Sparinvest has further demonstrated its adequacy through its selection of Kessler Topaz to serve as Lead Counsel for the class.  As discussed more fully below, Kessler Topaz is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action litigation in an efficient, effective, and professional manner.  *See infra* Argument, Section II.

In addition to satisfying the requirements of Rule 23, Sparinvest is also a sophisticated institutional investor overseeing approximately $70 billion in assets and is the prototypical investor Congress sought to encourage to lead securities class actions.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("[I]ncreasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").  Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because such investors typically are more apt to effectively manage complex securities litigation.  *See* H.R. Conf. Rep. No. 104-369 at 34-35, *reprinted in* 1995

U.S.C.C.A.N. at 733-34. To this end, many courts have recognized a strong preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See, e.g.*, *Cendant*, 264 F.3d at 273 ("the purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff") (citations omitted); *In re Versata, Inc. Sec. Litig.*, Nos. C 01-1439 SI, *et al.*, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) (finding that a movant's "institutional status is given great weight in assessing its adequacy as a plaintiff") (citing H.R. Conf. Rep. No. 104-369 at 34).

In sum, Sparinvest has demonstrated its willingness, resources, and commitment to supervise Lead Counsel and obtain the best possible recovery for the class.

## II.   THE COURT SHOULD APPROVE SPARINVEST'S SELECTION OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Ironnet*, 2022 WL 2789899, at *7 ("There is 'a strong presumption in favor of approving a properly-selected lead plaintiff[']s decisions as to counsel selection and counsel retention.'") (citing *Cendant*, 264 F.3d at 276) (alteration in original)); *Lumber Liquidators*, 2014 WL 12588686, at *4 (same). The Court will consider several factors in assessing lead plaintiff's selection of counsel, including, *inter alia*, "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action" and "counsel's knowledge of the applicable law." *Lumber Liquidators*, 2014 WL 12588686, at *4 (citation omitted). Here, Sparinvest has selected and retained Kessler Topaz to serve as Lead Counsel for the class. Sparinvest's selection of counsel should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Podolsky Decl., Exs. D (Firm Profile of Kessler Topaz) & E (*The Legal Intelligencer* selecting Kessler Topaz as the 2024 Litigation Department of the Year

10

(Class Action)).    The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery); *Luther v. Countrywide Financial Corp.*, No. 12-cv-5125 (MRP) (C.D. Cal.) ($500 million recovery); and *In re Kraft Heinz Securities Litigation*, No. 19-cv-1339 (JLA) (N.D. Ill.) ($450 million recovery).

Significantly, Kessler Topaz was previously appointed as co-lead counsel by this Court in the *NII Holdings* action, which resulted in a recovery of $41.5 million for investors.  *See* No. 1:14-cv-00227-LMB-JFA (E.D. Va.), ECF No. 101 (appointing Kessler Topaz as co-lead counsel); *In re NII Holdings, Inc. Sec. Litig.*, No. 1:14-cv-00227-LMB-JFA, 2016 WL 11660702 (E.D. Va. Sept. 16, 2016) (approving settlement).

Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high-profile securities class actions, including: *In re SVB Financial Group Securities Litigation*, No. 23-cv-1097 (JD) (N.D. Cal.); *Kusen v. Herbert*, No. 23-cv-2940 (AMO) (N.D. Cal.) (First Republic Bank securities litigation); *In re NVIDIA Corp. Securities Litigation*, No. 18-cv-7669 (HSG) (N.D. Cal.); *Sjunde AP-Fonden v. Goldman Sachs Group, Inc.*, No. 18-cv-12084 (VSB) (S.D.N.Y.); and *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.).

11

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions at the time to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award at the time in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr. *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion). Thus, the Court may be assured that, in the event this motion is granted, the class will receive the highest caliber of legal representation available.

Moreover, Podolsky has substantial experience litigating complex actions, maintains an office in this District, and is well-qualified to represent the class as Liaison Counsel. *See* Podolsky Decl., Ex. F. In fact, Podolsky has successfully litigated claims as local counsel and with Kessler Topaz as co-lead counsel on behalf of injured investors in this Court. *See NII Holdings*, No. 1:14-cv-00227-LMB-JFA, ECF No. 101 (appointing Kessler Topaz as co-lead counsel and Podolsky as local counsel). Moreover, Podolsky has previously recovered millions of dollars for injured investors in several other securities class action lawsuits in this District. *See, e.g.*, *In re Lumber Liquidators Holdings, Inc., Sec. Litig.*, No. 4:13-cv-00157-AWA-DEM (E.D. Va.) ($26 million recovery as additional counsel); *In re Genworth Fin., Inc. Sec. Litig.*, No. 3:14-cv-00682 (E.D. Va.) ($219 million recovery as local counsel); and *In re Comput. Scis. Corp. Sec. Litig.*, No. 1:11-cv-00610-TSE-IDD (E.D. Va.) ($97.5 million recovery as counsel for class representative and lead plaintiff).

12

Accordingly, Sparinvest's selection of counsel should be approved.

## CONCLUSION

For the reasons stated herein, Sparinvest respectfully requests that the Court: (1) appoint Sparinvest as Lead Plaintiff; (2) approve its selection of Kessler Topaz as Lead Counsel for the class and Podolsky as Liaison Counsel for the class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED:  October 1, 2024

Respectfully submitted,

*/s/ Susan R. Podolsky*

Susan R. Podolsky (Va. Bar No. 27891)
**LAW OFFICES OF SUSAN R. PODOLSKY**
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (571) 366-1702
Facsimile: (703) 647-6009
spodolsky@podolskylaw.com

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Naumon A. Amjed
  (*pro hac vice* motion forthcoming)
Darren J. Check
  (*pro hac vice* motion forthcoming)
Ryan T. Degnan
  (*pro hac vice* motion forthcoming)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com

*Counsel for Proposed Lead Plaintiff Sparinvest S.A. and Proposed Lead Counsel for the Class*

13