UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | | |
|---|---|---|
| ROOFERS' PENSION FUND, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DXC TECHNOLOGY COMPANY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:24-cv-01351-LMB-WEF<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE TEAMSTERS FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL <u>OF SELECTION OF COUNSEL</u>**

Proposed lead plaintiff, Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, and Central Pennsylvania Teamsters Health and Welfare Fund (the "Teamsters Funds"), respectfully submit this Memorandum of Law in support of their motion for appointment as lead plaintiff in this action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, and approval of their selection of Robbins Geller Rudman & Dowd LLP as lead counsel.  As shown herein, the motion should be granted.

The PSLRA provides that within 90 days after publication of the notice, the Court "shall consider any motion made by a purported class member" and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, the Teamsters Funds should be appointed as lead plaintiff because they: (1) timely filed this motion; (2)

- 1 -

have a substantial financial interest in this litigation; and (3) will fairly and adequately represent the interests of the class.  In addition, the Teamsters Funds' selection of Robbins Geller to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## I.      STATEMENT OF THE CASE

This securities fraud class action was filed on August 2, 2024 by counsel for Roofers' Pension Fund alleging violations of §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.  The claims are brought on behalf of all persons or entities that purchased or otherwise acquired DXC Technology Company ("DXC" or the "Company") common stock between May 26, 2021 and May 16, 2024 (the "Class Period").  *See* ECF 1.  The threshold issue now before the Court is the appointment of Lead Plaintiff and approval of Lead Counsel.

## II.     BACKGROUND

Headquartered in Ashburn, Virginia, DXC is an information technology services and consulting company.  The Company's common stock trades on the New York Stock Exchange under the ticker symbol DXC.

The complaint alleges that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that DXC Technology had reduced restructuring and transaction, separation, and integration costs during the Class Period by curbing the company-wide "transformation" and had thereby simply deferred costs that the Company would ultimately need to spend to finally implement the restructuring that it claimed to be successfully addressing during the Class Period.  ECF 1 at ¶¶4-5.

4891-5876-8362.v1

On August 3, 2022, DXC Technology revealed that "our cost optimization efforts have moved at a slower pace than anticipated as we were thoughtfully building our plan." ECF 1 at ¶¶6, 25. On this news, the price of DXC Technology stock fell more than 17%.

Then, on December 20, 2023, DXC Technology announced that its CEO and Chairman of the Board, defendant Michael J. Salvino, had left the Company, effective December 20, 2023. On this news, the price of DXC Technology stock fell more than 12%.

Finally, on May 16, 2024, DXC Technology's new CEO stated that after having "really spent a lot of time operationally looking at our systems, [and] our processes" it was clear that "the previous restructurings did not set a real, clean, solid, fully integrated baseline for profitable growth" because, despite a years-long integration effort, systems were "never integrated, never deduped" but were rather a "number of business processes that got stacked on top of each other; [a] number of legal entities." ECF 1 at ¶8. On this news, the price of DXC Technology stock fell nearly 17%.

These issues have inflicted hundreds of millions of dollars of harm upon DXC investors, including the Teamsters Funds.

## III.    ARGUMENT

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 432-36 (E.D. Va. 2000) (Ellis, J.) (explaining procedure). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

4891-5876-8362.v1

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *MicroStrategy*, 110 F. Supp. 2d at 433. The Teamsters Funds satisfy these criteria and should therefore be appointed as Lead Plaintiff.

### A.  The Teamsters Funds Should Be Appointed Lead Plaintiff

### 1.  The Teamsters Funds Timely Moved for Appointment

After filing the complaint, counsel for the Roofers' Pension Fund published the statutory notice in this action on August 2, 2024, which advised class members of the pendency of the action, the claims asserted, the relevant time period and the right to move the Court for appointment as Lead Plaintiff by no later than October 1, 2024. *See* Declaration of Craig C. Reilly in Support of the Motion of the Teamsters Funds for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Reilly Decl."), Ex. A. Because this motion is being timely filed by the statutory deadline, the Teamsters Funds are entitled to be considered for appointment as lead plaintiff.

### 2.  The Teamsters Funds Have a Significant Financial Interest in the Relief Sought by the Class

As evidenced by their PSLRA Certifications and loss chart, the Teamsters Funds expended more than $7.7 million, purchasing 224,554 shares of DXC stock during the Class Period, and suffering more than $1.3 million in recoverable losses on both a last-in, first-out ("LIFO") basis and a first-in, first-out ("FIFO") basis, as a result of defendants' alleged misconduct. *See* Reilly Decl., Exs. B, C.

### 3.  The Teamsters Funds Otherwise Satisfy Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-

- 4 -

4(a)(3)(B)(iii)(I)(cc). "This inquiry need not be as 'searching as the one triggered by a motion for class certification,' because the inquiry focuses solely on whether the person will be an appropriate class representative, and not whether the class may ultimately be certified." *MicroStrategy*, 110 F. Supp. 2d at 435 (citation omitted). "Accordingly, a district court need only determine (i) whether the movant's 'claims or defenses . . . are typical of the claims or defenses of the class' and (ii) whether the movant 'will fairly and adequately protect the interests of the class.'" *Id.* (citation omitted).

"A person's claim is 'typical' 'when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). Here, the Teamsters Funds meet this requirement because, just like all other class members, they purchased DXC common stock in reliance upon defendants' allegedly materially false and misleading statements and suffered damages thereby. Thus, the Teamsters Funds' claims are typical of those of other class members because every claim arises out of the same course of events and is based on the same legal theories.

"[W]ith respect to 'adequacy,' a person may be an adequate representative of the class where that person (i) does not have interests that are adverse to the interests of the class, (ii) has retained competent counsel, and (iii) is otherwise competent to serve as class representative." *MicroStrategy*, 110 F. Supp. 2d at 435-36. The Teamsters Funds are adequate representatives of the class because they suffered significant losses on their investment in DXC common stock and are motivated to diligently pursue the putative class's claims. *See* Reilly Decl., Exs. B, C. The Teamsters Funds' interests in the action are clearly aligned with the interests of the other members of the class. In fact, the Teamsters Funds are precisely the type of institutional investors – three closely related funds serving the same beneficiaries, sponsors, administrator, contributing employer, office staff and trustees – whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that

- 5 -

4891-5876-8362.v1

the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001).  Finally, the Teamsters Funds have selected qualified counsel to represent them and the putative class.  *See* §III.B., *infra*.[1]

As such, the Teamsters Funds have made the *prima facie* showing of typicality and adequacy under Rule 23 for the purposes of this motion.

## B.      The Teamsters Funds' Selection of Lead Counsel Should Be Approved

Pursuant to the PSLRA, the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Teamsters Funds respectfully submit that its selection of Robbins Geller as Lead Counsel should be approved.

Robbins Geller, a 200-attorney nationwide law firm regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *Knurr v. Orbital ATK, Inc.*, 2019 WL 3317976, at *1 (E.D. Va. June 7, 2019) (Judge Ellis granting final approval and lauding Robbins Geller and liaison counsel Craig C. Reilly's efforts in achieving the $108 million settlement with "skill, perseverance, and diligent advocacy.").  In the last three years alone, Robbins Geller attorneys have recovered more than $3 billion for investors in PSLRA class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) ($1.02

---

[1]    More information about the Teamsters Funds' history, administration and finances are available on their shared website, https://www.centralpateamsters.com/.

4891-5876-8362.v1

billion recovery); *In re Apple Inc. Sec. Litig.,* No. 4:19-cv-02033-YGR (N.D. Cal.) ($490 million recovery); *In re Alphabet Inc. Sec. Litig.*, No. 3:18-cv-06245 (N.D. Cal.) ($350 million recovery, pending court approval); *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery). Robbins Geller attorneys have also obtained the largest securities fraud class action recovery in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

Mr. Reilly is a member of the bar of the Court and has previously been approved as liaison counsel for the class in actions brought under the PSLRA. *See, e.g.*, *Knurr*, 2019 WL 3317976 at *1, *MicroStrategy*, 110 F. Supp. 2d 427.

Thus, the Teamsters Funds' selection of counsel is reasonable and should be approved.

## IV.   CONCLUSION

The Teamsters Funds satisfy each of the PSLRA's criteria for appointment as lead plaintiff and approval of their selection of counsel. Accordingly, the Teamsters Funds respectfully request that the Court grant their motion.

---

[2]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4891-5876-8362.v1

DATED:  October 1, 2024

Respectfully submitted,

**THE OFFICE OF CRAIG C. REILLY, ESQ.**
CRAIG C. REILLY, VSB #20942


/s/ Craig C. Reilly
CRAIG C. REILLY

209 Madison Street, Suite 501
Alexandria, VA  22314
Telephone:  703/549-5354
craig.reilly@ccreillylaw.com

*Liaison Counsel*

**ROBBINS GELLER RUDMAN
  & DOWD LLP**
CHAD JOHNSON
420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
chadj@rgrdlaw.com

**ROBBINS GELLER RUDMAN
  & DOWD LLP**
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

*Proposed Lead Counsel for Proposed Lead Plaintiff*

- 8 -

4891-5876-8362.v1